Welch, J.
We see no error in the judgment of the District Court. The plaintiff’s affidavit was clearly insufficient. It does not state the existence of any ground for the attachment, but merely the affiant’s belief of the fact; nor does it set forth any facts on which that belief is founded. That such an affidavit is insufficient, seems to *196 be settled by this court in. Dunlevy v. Schwarts, 17 Ohio St. 640, and we see no reason for departing from the opinion theré expressed.
Rut it is claimed that the affidavits read at the hearing' supplied what was wanting in the original affidavit, and that although we can not, in the absence of a bill of exceptions, know what these affidavits contained, yet, as the-record shows that the motion was heard upon affidavits of both parties, we must presume that these affidavits justified, the order of the court overruling the motion. We think the answer to this is, that in the absence of leave to amend the defective affidavit, or of a motion for such leave, it was-not competent for the plaintiff to cure or supplement the original by'new affidavits. He could in that case only use-new affidavits to rebut those introduced on behalf of the defendant, and could not use them for the purpose of laying a new ground for the attachment. We see no error, therefore, in the judgment of the District Court, and the-same is affirmed.

Judgment affirmed.